ACCEPTED
15-25-00079-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/13/2025 10:11 PM
CHRISTOPHER A. PRINE
CLERK

# MATTHEW J. KITA

ATTORNEY AND COUNSELOR AT LAW

A PROFESSIONAL LIMITED LIABILITY COMPANY

LICENSED IN TEXAS AND CALIFORNIA

October 13, 2025

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/13/2025 10:11:38 PM
CHRISTOPHER A. PRINE
Clerk

**Via e-filing**

Mr. Christopher A. Prine
Fifteenth Court of Appeals
P.O. Box 12852
Austin, Texas 78711

Re:  *Strauss v. Texas Department of Criminal Justice*
Case No. 15-25-00079-CV

Dear Mr. Prine:

I represent Appellant in the above-referenced case. Please accept this letter in lieu of a formal reply brief and distribute it to the members of the Court for review.

In sum, this appeal ultimately turns on the Court's interpretation and application of a single case: the Texas Supreme Court's 2019 decision in *Tarrant County v. Bonner*.[1]

Although TDCJ's brief claims that four other cases also support an affirmance of the district court's summary judgment, a close review reflects that they do not. Instead, the plaintiffs in all of those disputes apparently *conceded* that they were required to prove gross negligence to recover, as *none* of the opinions discuss whether the defendant's allegedly tortious conduct was "in connection with" an "activity" covered by the statutes at issue.[2]

---

[1] 574 S.W.3d 893 (Tex. 2019).

[2] *See* Appellee's Br., pp. 27–31 (citing *Tex. Dep't of Criminal Justice v. Taylor*, No. 13-21-00246-CV, 2023 WL 4013700 (Tex. App.—Corpus Christi–Edinburg June 15, 2023, no pet.); *Hurd v. Tex. Dep't of Criminal Justice*, No. 12-11-00174-CV, 2012 WL 759016 (Tex. App.—Tyler Mar. 7, 2012, pet. denied); *Evans v. Tex. Dep't of Criminal Justice-Institutional Div.*, No. 01-07-00847-CV, 2008 WL 2548986 (Tex. App.—Houston [1st

3110 WEBB AVENUE           MATT@MATTKITA.COM        6701 CENTER DRIVE WEST
SUITE 150                  214.699.1863             14TH FLOOR
DALLAS, TX 75205           310.844.9696             LOS ANGELES, CA 90045

Accordingly, *Bonner* is only case that provides any insight on the issue presented. And both parties agree that the following two sentences from the supreme court's analysis is controlling:

> The two statutes immunize negligent acts and omissions that are *reasonably related* to the covered programs or activities, even when the relationship is indirect. As a practical matter, this includes acts or omissions, which give rise to damages *during* covered programs and activities.[3]

TDCJ, however, suggests that *Bonner* required only a "but-for" connection between the injury and the activity.[4] But while the supreme court acknowledged that the defendant in *Bonner* also *advanced* this argument,[5] the above-cited paragraph reveals that the supreme court did not agree.

And for good reason. Although the present case requires this Court to consider the "connection" between Appellant's injury and her undisputed participation in a "treatment activity," that is only one of the several "activities" identified by the statutes at issue. The others include, for example, a "work" activity. But *all* able-bodied TDCJ inmates are required to "work." Accordingly, if this Court were to conclude that these statutes cover Appellant's injuries because "she was being transported to one of TDCJ's facilities, where she would *eventually* engage in treatment activities,"[6] TDCJ could make the same argument about *any* inmate who is *ever* injured in a TDCJ-owned vehicle because "*eventually* he or she would engage in work."

Appellant respectfully submits that this Court does not need extensive additional briefing to conclude that TDCJ's arguments go too far. Although "but-for" causation has its place in common law, it also has its limitations.

---

Dist.] June 26, 2008, no pet.); *Moncada v. Brown*, 202 S.W.3d 794, 796–97 (Tex. App.—San Antonio 2006, no pet.)).

[3] *Bonner*, 574 S.W.3d at 900 (emphasis added).

[4] Appellee's Br., pp. 25–26.

[5] *Bonner*, 574 S.W.3d at 898.

[6] Appellant's Br., p. 14; Appellee's Br., p. 26.

Just ask Mrs. Palsgraf.[7] Or, for a more recent example from the Texas Supreme Court, Mrs. Blake.[8] In both cases, appellate courts imposed an outer boundary on the applicability of the "but-for" test with respect to a *plaintiff's* ability to *recover*. This Court should reach a similarly sensible result in response with respect to a *defendant's* ability to claim *immunity*.

And after doing so, for all of the other reasons stated in Appellant's opening brief, this Court should reverse the trial court's summary judgment and remand this case for trial.

Respectfully submitted,

Matthew J. Kita

cc: **Via e-filing**
All counsel of record

---

[7] *Palsgraf v. Long Island R. Co.*, 341, 162 N.E. 99 (N.Y. 1928).

[8] *Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525, 529 (Tex. 2025).

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Matthew Kita on behalf of Matthew Kita
Bar No. 24050883
matt@mattkita.com
Envelope ID: 106791722
Filing Code Description: Letter
Filing Description: Appellant's Reply Letter Brief
Status as of 10/14/2025 7:06 AM CST

Associated Case Party: Misty Strauss

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matthew JKita | | matt@mattkita.com | 10/13/2025 10:11:38 PM | SENT |

Associated Case Party: Texas Department of Criminal Justice

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joseph McDuffie | | Joseph.McDuffie@oag.texas.gov | 10/13/2025 10:11:38 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gloriana Ojeda | | gloriana.ojeda@oag.texas.gov | 10/13/2025 10:11:38 PM | SENT |
| Courtney Sawhill | | courtney.sawhill@oag.texas.gov | 10/13/2025 10:11:38 PM | SENT |